**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

GREGORY KIERNOZEK,

                                        Plaintiff,

            v.                                                                No. 14-CV-481
                                                                                      (MAD/CFH)

NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE,

                                        Defendant.

_____

**APPEARANCES:**                                        **OF COUNSEL:**

GREGORY KIERNOZEK
Plaintiff, Pro Se
28 Beach Avenue
Albany, New York 12203

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**


### REPORT-RECOMMENDATION and ORDER

    The Clerk has sent to the Court for review a pro se complaint submitted by plaintiff

Gregory Kiernozek.  Compl. (Dkt. No. 1).  Kiernozek also seeks leave to proceed in forma

pauperis ("IFP").  IFP App. (Dkt. No. 2).

    Kiernozek brings this action alleging discrimination in employment in violation of (1) the

Rehabilitation Act, 29 U.S.C. § 794; (2) Title VII, 42 U.S.C. §2000-2; (3) the Civil Rights Act

of 1866 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981; (4) the Americans

with Disabilities Act, 42 U.S.C. § 12102, et seq.; and (5) the Human Rights Law, New York

State Executive Law § 290, et seq.  Compl. ¶ 1.  For a more complete statement of

Kiernozek's claims, reference is made to the complaint.

## II. DISCUSSION

### A. In Forma Pauperis Application

Turning first to Kiernozek's IFP application, after reviewing the application the Court finds that Kiernozek has demonstrated the requisite financial showing and may property proceed with this matter IFP.

### B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Kiernozek previously filed an identical complaint in this district to the one presently before the Court. See Kiernozek v. Crary, No. 10-CV-254 (TJM/RFT) (hereinafter Kiernozek I). In that case, Kiernozek sued Thomas Crary and the New York State Department of Taxation and Finance, the latter of which is the same defendant presently named in the current suit. Ultimately, the prior case was resolved pursuant to a notice of dismissal. Id., Dkt. No. 4. That notice provided that:

> The Plaintiff, Gregory Kiernozek, by his attorneys at Cooper Erving & Savage LLP, hereby gives notice pursuant to Rule 41(a)(1)(A) that the above-captioned matter is being **dismissed with prejudice** and without costs to either party. This Notice . . . has

> been executed and filed prior to the service of an Answer or Motion
> for Summary Judgment by the Defendants.

<u>Id.</u> (emphasis added). The case was closed on June 30, 2010, the day the notice was filed.

<u>Id.</u>

Pursuant to the Federal Rules, a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). Further "if the plaintiff previously dismissed any federal . . . action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." <u>Id.</u> (a)(1)(B). "[T]he filing of a notice of dismissal under Rule 41(a)(1) automatically terminates the action without any action by the Court." <u>Graham Kandiah, LLC v. JPMorgan Chase Bank, N.A.</u>, No. 08-CV-6956(JGK), 2009 WL 1704570, at *2 (S.D.N.Y. Jun. 18, 2009) (citing cases). Kiernozek's notice of dismissal was filed prior to service of an answer or motion for summary judgment. Further, per the express language in the voluntary notice, Kiernozek's previous case was dismissed with prejudice. The remaining question is what affect, if any, does that have on the presently filed, identical complaint, suing one of the same defendants.

> A dismissal with prejudice has the effect of a final adjudication on
> the merits favorable to defendant and bars future suits brought by
> plaintiff upon the same cause of action . . . Such a dismissal
> constitutes a final judgment with the preclusive effect of res judicata
> not only as to all matters litigated and decided by it, but as to all
> relevant issues which could have been but were not raised and
> litigated in the suit.

<u>Nemaizer v. Baker</u>, 793 F.2d 58, 60-61 (2d Cir. 1986) (internal citations and quotation marks omitted); <u>see</u> <u>also</u> <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or

could have been raised in that action."), cf Ahler v. City of New York, No. 93-CV-56(SS), 1993 WL 362404, at *2 (S.D.N.Y. Sept. 13, 1993) ("Dismissal without prejudice averts the possibility of detrimental res judicata and collateral estoppel effects.").

The Second Circuit has established and upheld the right of the court to raise the issue of res judicata sua sponte. See Rollock v. LaBarbera, 383 Fed. Appx. 29, 30, (2d Cir. 2010) ("The District Court did not err when it sua sponte raised the issue of res judicata.") (citations omitted); see also Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) (explaining that "[t]he failure of the defendant to raise res judicata . . . does not deprive a court of the power to dismiss a claim on that ground," given the fact that there is a "strong public interest in economizing the use of judicial resources by avoiding relitigation."). This right applies equally to cases initiated by pro se plaintiffs. See Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-206 (2d Cir. 2002) (upholding district court's dismissal of pro se plaintiff's second IFP complaint as barred by res judicata).

To sustain a claim of res judicata, the defense must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. New York City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000) (citations omitted). In New York State, the analysis is governed by the transactional approach in which later claims are barred if they "aris[e] out of the same factual grouping as an earlier litigated claim even if the[y are] . . . based on different legal theories or seek[] dissimilar or additional relief." Id.

In the alternative, there is also the broader affirmative defense of collateral estoppel. "Once a court has decided an issue of fact or law necessary to its judgment, that decision

may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." <u>Allen</u>, 449 U.S. at 94 (1980).  Collateral estoppel is applicable:

> [I]f (1) there has been a final determination on the merits of the issue sought to be precluded; (2) the party against whom . . . preclusion is sought has a full and fair opportunity to contest the decision. . .; and (3) the issue sought to be precluded by the earlier suit is the same issue involved in the later action.

<u>Davis v. Halpern</u>, 813 F.2d 37, 39 (2d Cir. 1987) (citation omitted).  The requirement of a full and fair opportunity to contest requires that the plaintiff "was fully able to raise the same factual or legal issues" in the prior litigation as asserted in the present case.  <u>LaFleur v. Whitman</u>, 300 F.3d 256, 274 (2d Cir. 2002).

Tthe dismissal with prejudice in <u>Kiernozek I</u> serves as a final determination on the merits which bars future litigation.  In evaluating whether the rest of the factors for claim and issue preclusion apply, it is noted that Kiernozek is acting as plaintiff in both actions, which involve occurrences memorialized in an identical complaint to that which was previously filed, regarding the underlying claims and other potentially relevant issues involving the same defendants which were initially sued in <u>Kiernozek I</u>.  Accordingly, as both res judicata and collateral estoppel bar the present suit from going forward, Kiernozek has failed to state a claim upon which relief can be granted.  Therefore, § 1915 compels its dismissal.

While the Court generally would recommend amendment of the claim, in light of Kiernozek's <u>pro se</u> status, it appears that amendment of Kiernozek's claims would be futile for the same reasons discussed above.  <u>See e.g.</u>,  <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000) (holding that while <u>pro se</u> litigants are generally given an opportunity to amend their complaints to cure any deficiencies, where "[t]he problem with [the] causes of action is substantive; better pleading will not cure [the deficiencies and r]epleading would . .

. be futile," thus leave to amend should be denied) (citations omitted).  Therefore, any recommendation for leave to amend is inappropriate.

**WHEREFORE**, it is hereby

**ORDERED**, that Kiernozek's in forma pauperis application (Dkt. No. 2) is granted[1]; and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 Kiernozek's complaint is **DISMISSED** for failure to state a claim; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation."  N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  May 1, 2014
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[1] Plaintiff should note that he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.