**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**GREGORY KIERNOZEK,**

                             **Plaintiff,**

    vs.                                        **1:14-CV-481
                                                      (MAD/CFH)**

**THE NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE,**
                            **Defendant.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**GREGORY KIERNOZEK**
28 Beach Avenue
Albany, New York 12203
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff commenced this action *pro se* on April 25, 2014, against his employer, the State of New York Department of Taxation and Finance ("NYSDTF"), alleging that he was discriminated against and subject to differing treatment and a hostile work environment on the basis of his national origin and disability. *See* Dkt. No. 1. Plaintiff seeks, among other things, damages and reinstatement to his prior position with NYSDTF based upon claims brought pursuant to the Rehabilitation Act, 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the New York State Executive Law § 290 ("New York State Human Rights Law" or "NYSHRL"). *Id.*

      In an May 1, 2014, Report-Recommendation and Order, Magistrate Judge Christian F. Hummel granted Plaintiff's application to proceed *in forma pauperis* and reviewed the sufficiency of the complaint. *See* Dkt. No. 4. Magistrate Judge Hummel first noted that Plaintiff had

previously filed an identical complaint in this district, *see Kiernozek v. Crary*, No. 10-CV-254 ("*Kiernozek I*"), which was dismissed with prejudice pursuant to a notice of voluntary dismissal. Dkt. No. 4 at 2. Magistrate Judge Hummel concluded that "[t]he dismissal with prejudice in <u>Kiernozek I</u> serves as a final determination on the merits which bars future litigation." *Id.* at 5. As such, Magistrate Judge Hummel recommended that the Court dismiss the complaint. Magistrate Judge Hummel further recommended that Plaintiff not be given the opportunity to amend the complaint, since it appeared that amendment would be futile in light of the prior dismissal of Kiernozek I. Plaintiff filed a timely objection to Magistrate Judge Hummel's Report-Recommendation, along with a proposed amended complaint. *See* Dkt. No. 5.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in

2

the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Hummel's Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Hummel correctly recommended that the Court should dismiss Plaintiff's original complaint. A review of Plaintiff's complaint makes clear that it suffers from serious deficiencies, as outlined in Magistrate Judge Hummel's Report-Recommendation. Plaintiff's objection and proposed amended complaint make clear, however, that in the instant action, he alleges wrongdoing by NYSDTF independent from the conduct at issue in *Kiernozek I*. *See* Dkt. No. 5; *see also* Dkt. Nos. 1-1, 1-2, 1-3 (exhibits to original complaint). Specifically, Plaintiff alleges that he was subject to a hostile work environment, selectively harassed, and discriminated against following his reinstatement in 2010 pursuant to the stipulation of dismissal in *Kiernozek I*. *Id.* at 6-9. As the Second Circuit recently noted

> [c]laims that arise after an action has been filed – and therefore could not have been brought in that action – "are not barred by res judicata regardless of whether they are premised on facts representing a continuance of the same course of conduct." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 383 (2d Cir. 2003) (internal quotation marks and italics omitted). "'While the [prior] judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case.'" *Id.* (alteration in original) (quoting *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955)).

*Ling Li v. Asphalt Green, Inc.*, --- Fed. Appx. --- , 2014 WL 3289155, *1 (2d Cir. July 9, 2014).

3

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim"). Accordingly, the Court rejects Magistrate Judge Hummel's recommendation that Plaintiff not be permitted an opportunity to amend his complaint.

Based on the foregoing, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 4) is **ADOPTED in part** and **REJECTED in part** as set forth herein; and the Court further

**ORDERS** that the Clerk of the Court shall accept for filing Plaintiff's amended complaint; and the Court further

**ORDERS** that the Clerk of the Court shall issues summons and direct the Marshal to effect service on Defendants; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: July 23, 2014
       Albany, New York

                                                      Mae A. D'Agostino
                                                      U.S. District Judge